Robert H. Rexrode
California Bar No. 230024
Law Offices of Robert H. Rexrode
427 C Street, Suite 400
San Diego, Ca. 92101
(619) 630-4435
robert_rexrode@rexrodelawoffices.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
(HONORABLE GONZALO P. CURIEL)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>RUBEN PERLAZA (5),<br><br>        Defendant | Case No.: 21cr0637-05-GPC<br><br>Date: March 21, 2022<br>Time: 10:00 a.m.<br><br>SENTENCING MEMORANDUM |

### I. Introduction

Counsel requests a sentence of three years in prison for Mr. Perlaza.

### II. History & Characteristics of Mr. Perlaza

Ruben Perlaza is a poor man from a poor part of a poor country thousands of miles from home. The circumstances that led Mr. Perlaza to this courtroom did not inevitably lead him here, but they certainly make his appearance before the Court understandable.

Economic privation developed Mr. Perlaza's family in a way few of us can truly understand. He never knew his father. His mother left him in the care of her parents due to her need to work in agricultural fields away from the family's home. This boy saw his mother once or twice a year. He worked as a child and began full-time work before becoming an adult.

As an adult, Mr. Perlaza worked in the fields and the mines of Western Colombia. For this, Mr. Perlaza would earn in a month less than I will for writing this memorandum. And when Mr. Perlaza moved from working in fields and mines to the relative comfort of working as a plumber, he still made less in a month than I will for writing this memorandum. Which means that it was on the princely sum of roughly $300.00 per month, that Mr. Perlaza, his wife and their two children subsisted.

It does not take an overly-empathetic person to realize how a person in such a situation, coming from such circumstances, might be amenable to the offer of making what could be life-altering money. And cruelly, this experience has obviously been life-changing for Mr. Perlaza. He has lost his wife. He is thousands of miles away from home. And he is looking at years in a prison in a country he had no intention of coming to.

//

//

### III. Circumstances of Offense

Mr. Perlaza was arrested in someone else's boat with someone else's drugs. He did not pilot that boat. He did not direct where that boat should go. He did not instruct anyone on that boat to flee from the Coast Guard. He did not broker a deal for the drugs on that boat. He did not arrange for the drugs to be on that boat. He did not know to where the drugs on that boat were destined. He had been hired to be present on the boat. PSR at 4-5.

### IV. Sentencing Guidelines

With the exception of a mitigating role adjustment, the parties agree as to the sentencing guidelines in this case. The defense has the better of the argument in this regard.

The government may or may not be right that Mr. Perlaza and his co-defendants are "equally culpable." Counsel has his doubts about this, but regardless, arguing against a role adjustment based on that seems a bit myopic. Such an argument overlooks all the other identified, and easily identifiable, persons involved in this offense.

No one on that boat owned the boat or the drugs. No one on that boat owned, constructed or arranged for a semi-submersible vessel to initially transport the drugs. And no one on the boast arranged to refuel the boat on the high seas. No one on the boat arranged for the drugs to be grown, processed, or packaged. No

one on the boat brokered the sale of the drugs. And no one on the boat stood to make a profit at the innumerable points at which the drugs had, and would have, changed hands.

The persons on the boat were indeed necessary for the commission of this offense. But pretty much anyone would have done. At the end of the day, they were both necessary and disposable. As for Mr. Perlaza in particular, all he knew of this offense was the small slice he had been shown. He had been brought to one vessel, taken to another, and arrested on that second boat. If the drugs had been unloaded successfully, Mr. Perlaza's knowledge of the offense would have ended there. Mr. Perlaza did not organize any aspect of the offense. He did not arrange for the various boats involved, their refueling, the drugs involved, or where or how the drugs were transported. Mr. Perlaza did not direct anyone involved in this offense. He was not in charge of the boat or getting the drugs onto, or off, the boat. And while Mr. Perlaza was indeed on the boat precisely because it offered him an economic bounty that could have altered the trajectory of his family's lives, when compared to those who work in the drug trade on a regular basis, Mr. Perlaza was to earn the equivalent of a decent sized tip.

A mitigating role adjustment is appropriate here. As detailed in Mr. Perlaza's sentencing summary chart, with such an adjustment, Mr. Perlaza's advisory guideline range is 63 to 78 months.

## V. Additional Sentencing Considerations

Counsel requests the Court consider the following circumstances in fashioning a sentence. Mr. Perlaza has had an extremely difficult period of incarceration up to this point. It probably will not get much better. He is far, far from home and has no prospect of seeing any family while incarcerated. He has contracted Covid while incarcerated and counsel has lost count of the times that Mr. Perlaza has been subjected to quarantines while incarcerated. Due to these rolling quarantines, from the time his plea agreement was lodged, it took over three months for Mr. Perlaza to able to come to court to enter a plea.

In short, Mr. Perlaza has spent the past 13 months incarcerated in a country he never intended to come to under circumstances that have made significantly worse the usual punitive aspects of incarceration. And due to these circumstances, Mr. Perlaza has appeared for court remotely whenever authorized to do so. Given the routine government requests to vary based on these circumstances in cases prosecuted during the same time period, this Court's need to avoid unwarranted sentencing disparities counsels toward a variance.

## VI. Conclusion

The large amount of drugs involved in this case are adequately taken into consideration by the sentencing guidelines. From that very high guideline range, Counsel's requested sentence represents a reasonable variance given the

circumstances surrounding Mr. Perlaza's life history, his participation in this offense, and the circumstances of his incarceration. Any period of supervision following his release would be gratuitous.

Date: March 14, 2022

/s *Robert H. Rexrode*
Robert H. Rexrode